

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-1059-24

**MICHAEL TUCKER, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE THIRD COURT OF APPEALS TRAVIS COUNTY

SCHENCK, P.J., delivered the opinion of the Court in which RICHARDSON, NEWELL, KEEL, and MCCLURE, JJ., joined. NEWELL, J., filed a concurring opinion. FINLEY and PARKER, JJ., concurred. YEARY, J., filed a dissenting opinion. Walker, J., dissented.

## O P I N I O N

Appellant, Michael Tucker, was convicted under a predecessor statute of super-aggravated sexual assault of a child, among other offenses. The minimum term of confinement was twenty-five years, and Appellant was ineligible for parole because the victim was under six years old at the time of the offense.[1]

Appellant challenged the sufficiency of the evidence of one of his other convictions. *Tucker v. State*, 706 S.W.3d 379, 387 (Tex. App.—Austin 2024) (op. on reh'g) (en banc). While the case was pending at the court of appeals, the State requested a judgment *nunc pro tunc* to reflect Appellant's victim was under six years old at the time of the offense by adding (f)(1) as a subsection in the "Statute for Offense" box.[2] *Id.* at 390. The court of appeals held there was no error in the judgment to modify because Section 22.021(f)(1) is not an element of the offense but a punishment issue.[3] *Id.*

---

[1] *See* TEX. PENAL CODE § 22.021(a)(2)(B), (f)(1) (2017); TEX. GOV'T CODE § 508.145(a)(4) (2017). In 2025, the legislature amended Section 22.021(f)(1) and changed the age from under six years old to under ten years old. Act of May 27, 2025, 89th Leg., R.S., ch. 557, § 21, sec. 22.021(f)(1), 2025 TEX. SESS. LAW SERV. 1313, 1323 (codified at TEX. PENAL CODE § 22.021(f)(1)).

[2] The trial court did not have jurisdiction to enter a *nunc pro tunc* judgment because the case was on appeal. *See* TEX. R. APP. P. 25.2(g) ("Once the record has been filed in the appellate court, all further proceedings in the trial court – except as provided otherwise by law or by these rules – will be suspended until the trial court receives the appellate-court mandate.").

[3] The judgment includes a reference to the victim being under six years old at the time of the offense, but it is in the sex-offender registration part of the judgment.

The State filed a petition for discretionary review challenging the denial of its request for a judgment *nunc pro tunc*, which we granted. After the court of appeals decided this case and after we granted review, this Court held the under-six-years-old provision is an element of the offense. *See Gutierrez v. State*, 710 S.W.3d 804, 809 (Tex. Crim. App. 2025). The parties now agree the State is entitled to relief. Given Appellant's concession, we need not decide whether subsection (f)(1) must be included in the judgment's "Statute for Offense" box.

We reverse the court of appeals's judgment, remand the cause to the trial court, and order the trial court to modify the judgment of conviction for Count I in appellate cause number 03-22-00697-CR (trial court cause number D-1-DC-21-904045) to show "PC 22.021(a)(2)(B), (f)(1)" in the "Statute for Offense" box.

Delivered: February 12, 2026

Publish